IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEE A. HUESCHEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONSANTO COMPANY,<br><br>　　　　Defendant. | Case No. 8:21-cv-221 |

**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *Lee A. Hueschen v. Monsanto Company,* bearing Case Number D10CI210000246, from the District Court of Platte County, Nebraska to the United States District Court for the District of Nebraska. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

**Introduction**

1.　　In this products liability lawsuit, Plaintiff Lee A. Hueschen sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency

repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that Mr. Hueschen developed cancer — specifically, chronic lymphocytic leukemia — caused by exposure to Monsanto glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Nebraska. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

### Background and Procedural History

4. On May 11, 2021, Plaintiff commenced this lawsuit in the District Court of Platte County, Nebraska by filing a complaint, captioned *Lee A. Hueschen v. Monsanto Company,* bearing Case Number D10CI210000246 (the "State Court Action"). Plaintiff filed a First Amended Complaint on May 13, 2021.

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action (and other filings available from the state court's files, including the First Amended Complaint) are attached collectively as **Exhibit 1.**

6. Plaintiff seeks damages for chronic lymphocytic leukemia allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, First Amended Complaint ¶¶ 1–6, 78–80, 95.

## Basis For Removal — Diversity Jurisdiction

7. Plaintiff is, and was at the time the State Court Action was filed, a resident and citizen of the State of Nebraska. *See* First Amended Complaint ¶¶ 3, 4, 7, 65–66, 68, 128.

8. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. *See* Complaint ¶ 83. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

9. The First Amended Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused Mr. Hueschen to develop cancer (chronic lymphocytic leukemia). Therefore, it is plausible from the face of the First Amended Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Indeed, Plaintiff's request for punitive damages, First Amended Complaint, p. 38, "makes it virtually impossible to say that the claim is for less than the jurisdictional amount." *Woodward v. Newcourt Commercial Finance Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for cancer allegedly

caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under §1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

10. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## Procedural Requirements

11. The District Court of Platte County, Nebraska is located within the District of Nebraska. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

12. Monsanto received notice of process on May 13, 2021. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of May 13, 2021.

13. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the District Court of Platte County, Nebraska and will be promptly served on Plaintiff.

14. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

15. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: June 11, 2021					Respectfully submitted,


					By: /s/ Michael K. Huffer
					Michael K. Huffer – 18087
					Ronald F. Krause – 15980
					CASSEM TIERNEY ADAMS
					GOTCH & DOUGLAS
					9290 West Dodge Road, Suite 302
					Omaha, Nebraska 68114-3320
					Tel. (402) 390-0300
					mhuffer@ctagd.com
					rkrause@ctagd.com

					*Attorneys for Defendant Monsanto Company*


## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A. Domina
Domina Law Group PC LLO
2425 S. 144th Street
Omaha, NE 68144
ddomina@dominalaw.com

							/s/Michael K. Huffer